## NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0610-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM STOVALL,

    Defendant-Appellant.

_____

> Submitted March 26, 2019 – Decided September 4, 2019
>
> Before Judges Hoffman and Suter.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 91-12-1439.
>
> William Stovall, appellant pro se.
>
> Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Lauren Martinez, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant William Stovall appeals from the August 29, 2017 order that denied his motion to correct an illegal sentence. In denying the motion, the trial

court stated the motion was moot because defendant "already exhausted [his] appeal remedies and [his] post-conviction relief remedies." The trial court then addressed each of defendant's arguments. We affirm the order on substantive grounds.

I

Defendant was indicted in 1991 for attempting to procure weapons and explosives in order to escape from prison. He was convicted by a jury in 1994 of all counts against him in the indictment. Relevant here, defendant was convicted under count two of second-degree attempt to escape, N.J.S.A. 2C:5-1 and 2C:29-5(a), and under count four of second-degree attempt to procure escape implements (firearms, ammunition, and explosives), N.J.S.A. 2C:5-1 and 2C:29-6(a)(2).[1] We have set forth in detail the factual background of the case

---

[1] His other convictions included: second-degree conspiracy to escape, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:29-5(a) (count one); second-degree attempt to possess weapons (firearms) for unlawful purposes, N.J.S.A. 2C:5-1 and 2C:39-4(a) (count six); second-degree attempt to possess weapons (destructive devices) for unlawful purposes, N.J.S.A. 2C:5-1 and 2C:39-4(c) (count seven); third-degree attempt to unlawfully possess weapons (handguns), N.J.S.A. 2C:5-1 and 2C:39-5(b) (count eight); third-degree attempt to unlawfully possess a weapon (assault firearm), N.J.S.A. 2C:5-1 and 2C:39-5(f) (count nine); third-degree attempt to possess prohibited devices (explosives), N.J.S.A. 2C:5-1 and 2C:39-3(a) (count ten); fourth-degree attempt to possess a prohibited device (silencer), N.J.S.A. 2C:5-1 and 2C:39-3(c) (count eleven); and fourth-degree possession of

in our unreported opinion that affirmed defendant's convictions on direct appeal, and do not have need to repeat it here.  See State v. Stovall (Stovall I), No. A-0850-94 (App. Div. Dec. 2, 1996).[2]

In 1994, defendant was sentenced.  Count one was merged into count two. He was sentenced to an extended term of twenty years of imprisonment on count two with a ten-year period of parole ineligibility.  This was to be served consecutively to the sentence he was already serving.[3]  Defendant was sentenced to a ten-year term of imprisonment on count four with a ten-year period of parole ineligibility.  This was to be served consecutive to count two.[4]  Thus, defendant's aggregate term was thirty years in prison with a twenty-year period of parole ineligibility.

---

prohibited devices (body-armor breaching or penetrating ammunition), N.J.S.A. 2C:39-3(f)(2) (count twelve).

[2] Defendant's petition for certification was denied.  State v. Stovall, 149 N.J. 35 (1998).  In 2016, we affirmed an order that denied defendant's petition for post-conviction relief in an unreported opinion, State v. Stovall (Stovall II), No. A-1162-13 (App. Div. Feb. 17, 2016).  The Supreme Court denied his petition for certification.  State v. Stovall, 227 N.J. 213 (2016).

[3] He was serving a seventy-five year term with a thirty-six year period of parole ineligibility.

[4] His sentences on the other counts ranged from eighteen months on counts eleven and twelve to a ten-year term on count seven, all of which were to be served concurrent to one another and concurrent to counts two and four.

A-0610-17T4

The 1994 judgment of conviction incorrectly listed defendant's aggregate term as twenty years. In Stovall I, we addressed defendant's arguments that his sentence was excessive and illegal. We concluded the trial court was correct to merge count one (conspiracy) into count two. Stovall I, slip op. at 17. However, we vacated the sentence on count four because defendant was sentenced to ten years under N.J.S.A. 2C:43-6(g), which concededly did not apply to a violation of N.J.S.A. 2C:29-6(a)(2).[5] Ibid. The sentence was vacated and remanded for resentencing. Id. at 20.

In 1997, defendant was resentenced to a twenty-year term on count two with ten years of parole ineligibility to be served consecutively to the sentence he then was serving. On count four, he was sentenced to a ten-year term to run consecutively to count two.[6] However, the judgment of conviction provided the aggregate custodial term was twenty years rather than thirty years. In 1998, an assistant prosecutor wrote to the trial judge advising the judgment of conviction should have said the total custodial sentence was thirty years, rather than twenty,

---

[5] We also remanded the sentence on count six for reconsideration in light of State v. Latimore, 197 N.J. Super. 197, 221 (App. Div. 1984).

[6] He was resentenced on count six to a ten-year term with a five-year period of parole ineligibility.

A-0610-17T4

with a fifteen-year period of parole ineligibility. Thereafter, the judgment of conviction was amended to correctly reflect a total custodial term of thirty years.

In 2016, defendant filed a motion to correct an illegal sentence and supported it with multiple briefs. The motion was denied on August 29, 2017. The trial court rejected defendant's argument that count four should have been merged into count two because it reasoned each of the convictions "require[d] elements that the other [did] not." The court noted, "an acquittal of conviction under one statute [did] not preclude punishment under another statute from the same act or transaction, provided that all the elements of the second offense [were] still met." The court observed, "an attempt to escape and an attempt to possess a weapon in an escape are clearly separate offenses and require different facts." It rejected defendant's argument that the same evidence could not be used to convict under separate counts. Because defendant was convicted under separate counts, the court found the thirty-year aggregate sentence was "the correct and appropriate sentence." The correction of the judgment to reflect an aggregate term was a clerical correction. This was not an increase in his sentence. The trial court disagreed with defendant that the jury's verdict sheet was ambiguous because the "second-degree charge [he was] sentenced to has not been challenged or changed throughout [his] long procedural history." The

trial court held that because defendant was convicted of an attempt to procure weapons, the physical possession of them was not a material element of that crime.

On appeal, defendant raises the following issues:

POINT I

DEFENDANT'S MOTION WAS TIMELY.

POINT II

MERGER OF COUNT FOUR INTO COUNT TWO MUST BE HAD SINCE THE COURT FAILED TO INSTRUCT TO NOT RELY ON THE EVIDENCE PRESENTED TO PROVE COUNT TWO AS PROOF OF COUNT FOUR.

POINT III

IT WAS ILLEGAL FOR THE COURT TO SENTENCE ON THE SECOND DEGREE CHARGES WHEN THE JURY DISREGARDED THE COURT'S INSTRUCTION TO NOT FIND DEFENDANT GUILTY OF BOTH SECOND AND THIRD DEGREE OFFENSES OF THE SAME CRIME.

    a. Ambiguity In Verdicts

    b. The Rule of Lenity

POINT IV

THE SECOND DEGREE SENTENCE IMPOSED ON COUNT FOUR IS ILLEGAL PURSUANT TO THE FOURTEENTH AMENDMENT BECAUSE

6

DEFENDANT NEVER POSSESSED THE IMPLEMENTS OF ESCAPE INSIDE THE PRISON.

POINT V

AN INCREASE IN SENTENCE AFTER ENTRY OF AN AMENDED JUDGMENT OF CONVICTION IS UNCONSTITUTIONAL PURSUANT TO THE DOUBLE JEOPARDY PROVISIONS OF THE FEDERAL AND STATE CONVICTIONS [SIC], AND MINIMAL DUE PROCESS.

    a. Procedural Due Process, Double Jeopardy Concerns Generally

    b. Substantive Due Process Implications

POINT VI

DEFENDANT WAS CONSTITUTIONALLY ENTITLED TO BE PRESENT FOR ANY RESENTENCING OR PROVIDE INPUT. THUS, HE REMAINS ENTITLED TO A RESENTENCING.

    a. State Provisions

    b. Applicable Federal Law

II

Whether a sentence is illegal is an issue of law that we review de novo. See State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2015). "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." State v. Austin, 335 N.J.

Super. 486, 494 (App. Div. 2000). "Our Supreme Court has defined 'an illegal sentence [as] one that "exceeds the maximum penalty provided in the Code for a particular offense" or a sentence "not imposed in accordance with law."'" State v. Hyland, 452 N.J. Super. 372, 381 (App. Div. 2017) (quoting State v. Acevedo, 205 N.J. 40, 45 (2011)), aff'd as modified, 238 N.J. 135 (2019). "A sentence 'not imposed in accordance with law' includes a 'disposition [not] authorized by the Code.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 247 (2000)). Under Rule 3:21-10(b), "an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice."

Defendant has not argued that his sentences exceeded the maximum custodial terms as extended or that law did not authorize them. His arguments are that the sentences are violative of the double jeopardy or due process clauses.

We agree with the State that defendant could have raised any of these issues in his prior appeals or in his PCR petition. Generally, we "will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012) (citing Deerfield Estates, Inc. v. E. Brunswick, 60 N.J. 115, 120 (1972)). Defendant has not raised any issues that warrant further review of his sentence.

A-0610-17T4

Defendant contends the trial court should have merged count four into count two for sentencing, but the convictions were for separate offenses, requiring proof of separate elements. Defendant was convicted under count two of second-degree attempt to escape, contrary to N.J.S.A. 2C:5-1 and 2C:29-5(a). As the trial court instructed, a conviction required:

> proof beyond a reasonable doubt that the defendant was confined in an institution on a charge or a conviction, that the defendant attempted to engage in conduct[,] which would result in his own removal from custody, that the defendant had no legal right to do so, and that the defendant acted knowingly.

Although ordinarily a crime of the third degree, it is elevated to second degree where "there is proof beyond a reasonable doubt that the actor attempted to employ force, threat, a deadly weapon or other dangerous instrumentality to effect the escape."

Defendant was convicted under count four of second-degree attempt to procure escape implements (firearms, ammunition, and explosives) contrary to N.J.S.A. 2C:5-1 and 2C:29-6(a)(2). Under this count, the State had to prove beyond a reasonable doubt that defendant "was an inmate of an institution, that the [d]efendant attempted to procure the weapons mentioned . . . that [the] weapons might be useful for an escape, and that the [d]efendant acted both

A-0610-17T4

knowingly and unlawfully."  When the attempt was to obtain "weapons" as defined, then the offense was a second-degree offense rather than a third degree.

Our Supreme Court stated that "[t]he Double Jeopardy Clause contains three protections for defendants.  It protects against (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" State v. Miles, 229 N.J. 83, 92 (2017) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).  The Court noted that what was common to the three protections "is the concept of 'same offense.'"  Ibid.  "Accordingly, a prime concern when reviewing a double-jeopardy claim is 'whether the second prosecution is for the same offense involved in the first.'" Id. at 92-93 (quoting State v. Yoskowitz, 116 N.J. 679, 689 (1989)).  In Miles, the Court adopted the "same-elements test as the sole double-jeopardy analysis" and instructed that it would not "recognize the same-evidence test as a measure of whether two offenses constitute the same offense." Id. at 96.

The Double Jeopardy Clause was not violated here.  The elements of the offenses under counts two and four are plainly distinct; they do not involve the same elements.  One is an attempt by defendant to remove himself from detention; the other is an attempt to procure weapons while in custody.

10

Applying <u>Miles</u>, there is no Double Jeopardy Clause violation and, of course, no necessity to merge the counts for purposes of sentencing. Merger was not required by N.J.S.A. 2C:1-8.

Defendant's argument that the same evidence was used to convict him under counts two and four is incorrect in light of the separate elements for these counts, and is out of step with <u>Miles</u> because that analysis focuses on whether the elements of the crimes are the same. We reject defendant's argument that the attempt to procure weapons—that elevated the crimes to second degree— somehow required merger. That fact did not take what otherwise were separate crimes (attempt to escape and attempt to procure weapons) and meld them into one. There is no evidence the legislature intended that result nor does it make any logical sense.

Similarly lacking is defendant's argument that a conviction under count four required the actual possession of a weapon. That is not an element of the offense, particularly when what is charged is an attempt. When an attempt is involved, the focus is on the defendant's intent. <u>State v. Robinson</u>, 136 N.J. 476, 483 (1994). "[O]ne of the main purposes of the Code's criminal attempt statute, N.J.S.A. 2C:5-1, is to ensure that a person who acts with the purpose of

committing a crime does not escape punishment merely because the crime was not completed." Ibid. Actual possession is not required.

Defendant argues that the trial court increased his sentence when it corrected a clerical error on the judgment of conviction. He does not seem to dispute that the trial judge sentenced him to a twenty-year term on count two and a ten-year term on count four to run consecutively. Despite this, the judgments of conviction said that the total term was twenty years. This error was corrected in 1998. By simple math, the aggregate term was thirty years. This is what the judgment of conviction was corrected to say. There was no increase in his sentence. The trial court had the ability to correct a clerical-type error "on its own initiative or on the motion of any party . . . ." R. 1:13-1; see State v. Matlack, 49 N.J. 491, 501-502 (1967) (providing that "[n]o fundamental right of defendant will be violated if an inadvertent clerical-type error is corrected, and he receives the sentence which the trial judge intended him to receive"). "It is firmly established that the sentencing transcript is 'the true source of the sentence.'" State v. Walker, 322 N.J. Super. 535, 556 (App. Div. 1999) (quoting State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956)). There was no requirement in the Rule that defendant be present when the clerical correction was made.

A-0610-17T4

Defendant contends the rule of lenity should apply to the verdict sheet because the jury checked both boxes under counts two and four and that this should be used to lower his convictions to third-degree offenses.

> The rule of lenity is an important principle of statutory construction; if a statutory ambiguity cannot be resolved by analysis of the relevant text and the use of extrinsic aids, the rule requires that the ambiguity be resolved in favor of the defendant. The rule of lenity derives from the principle that "[n]o one shall be punished for a crime unless both that crime and its punishment are clearly set forth in positive law."
>
> [State v. Regis, 208 N.J. 439, 451-52 (2011) (citations omitted) (quoting In re DeMarco, 83 N.J. 25, 36 (1980)).]

Our Supreme Court has made clear that the rule is limited in its application. "[T]he rule of lenity is applied only if a statute is ambiguous, and that ambiguity is not resolved by a review of 'all sources of legislative intent.'" Id. at 452 (quoting State v. D.A., 191 N.J. 158, 165 (2007)).

The rule does not apply because the ambiguity of a statute is not in issue in this case. In addition, defendant did not previously raise this issue although he had the opportunity to do so in his direct appeal. Although we are not required to consider the issue, see Galicia, 210 N.J. at 383, we agree with the trial judge that the checked boxes indicated the jury agreed that the State proved second-degree offenses. There was no ambiguity reflected in the transcript. The

13

jury foreperson announced the jury's verdict on both counts as being in the second degree and the jury thereafter was polled, indicating agreement.

None of defendant's issues raised any due process concerns. We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14